| | |
|---|---|
| 1 | ADAM GORDON |
| | United States Attorney |
| 2 | FRANCISCO NAGEL |
| | Assistant U.S. Attorney |
| 3 | Illinois Bar No. 6321196 |
| | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, CA 92101 |
| 5 | Telephone: (619) 546-6745 |
| | Email: Francisco.Nagel@usdoj.gov |
| 6 | |
| 7 | Attorneys for the United States |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 25-CR-1502-JES |
| Plaintiff, | **JOINT MOTION TO CONTINUE MOTION HEARING/TRIAL SETTING** |
| v. | |
| FARLIS ALMONTE (1), RICARDO RODRIGUEZ (2), KAIRY STEPHANIA QUIÑONEZ (3), JOSE LUIS BATIZ (4) JAMIE TORRES, JR. (5) | |
| Defendants. | |

Defendants Farlis ALMONTE, by his counsel, Alana L. McMains; Ricardo RODRIGUEZ, by his counsel, Russell S. Babcock; Kairy Stephania QUIÑONEZ, by her counsel, Jay E. Monico; Jose Luis BATIZ, by his counsel, Armando Galvan, Jr., Jaime TORRES, Jr., by his counsel Marcel Stewart, and the United States jointly move to continue the Motion Hearing/Trial Setting scheduled for October 31, 2025, at 9:00 a.m., to December 5, 2025, at 9:00 a.m.  The parties also jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1) (D) and (h)(7)(A).

1.  The Indictment in this case was returned on May 1, 2025. Dkt. No. 20. Defendants, QUIÑONEZ and TORRES have since appeared before a judicial officer

of this Court on May 5 and 7. Dkt. Nos. 10, 18. Defendants ALMONTE and RODRIGUEZ were then arraigned on the charging document on June 12. Dkt. No. 37. Defendant BATIZ was then arraigned on the charging document on August 4. Dkt. No. 50. The Speedy Trial Act requires trial to commence within 70 days from the later of those dates.

2. The Act excludes certain periods of time in calculating the 70 days. Those periods include delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court must "set[] forth … either orally or in writing, its reasons" for the finding. *Id.* And the Court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> …
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

18 U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

3. The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial, for the following reasons:

    a.    The date, the United States has produced about 6,140 pages of discovery and 497 video and media files, totaling over 580 gigabytes. The discovery includes reports of investigation, custody receipts, TECS records, criminal history reports, post-arrest interviews, witness interviews, jail calls, and related case file discovery.

    b.    Given the volume of discovery, defense counsels will need time to complete the review of this discovery and to confer with their clients regarding the discovery and any issues in the case to adequately prepare defenses. The parties will also require additional time to attempt to negotiate any resolutions.

It would be unreasonable to expect defense counsels to be able to adequately review the voluminous discovery and effectively prepare for pre-trial motions and trial within the period normally prescribed by the Speedy Trial Act, 18 U.S.C. § 3161, et seq., taking into account the exercise of due diligence. Additionally, the parties should be allowed a discrete amount of time to attempt to negotiate the case, after defense counsels have a sufficient grasp of the discovery material. Consequently, the ends of justice served by a continuance outweigh the best interest of the public and the defendants in a speedy trial. Moreover, there are pending motions before the Court.

4.    The parties therefore jointly move to continue the Motion Hearing/Trial Setting to December 5, 2025, at 9:00 a.m., and to exclude time under the Speedy Trial Act. The period of delay excluded should span from the filing of this motion, 18 U.S.C. § 3161(h)(1) (D) and (h)(7)(A), until the next court date.

Respectfully submitted,

Dated: October 24, 2025          /s/ Francisco Nagel
                                 Francisco Nagel
                                 Bianca Calderon-Peñaloza
                                 Assistant U.S. Attorneys

Dated: October 24, 2025          /s/ Alana L. McMains
                                 Alana L. McMains
                                 Attorney for Farlis Almonte

Dated: October 24, 2025          /s/ Russell S. Babcock
                                 Russell Babcock
                                 Attorney for Ricardo Rodriguez

Dated: October 24, 2025          /s/ Jay E. Monico
                                 Jay E. Monico
                                 Attorney for Kairy S. Quinonez

Dated: October 24, 2025          /s/ Armando Galvan, Jr.
                                 Armando Galvan, Jr.
                                 Attorney for Jose Luis Batiz

Dated: October 24, 2025          /s/ Marcel Stewart
                                 Marcel Stewart
                                 Attorney for Jaime Torres, Jr.