

1  ADAM GORDON
   United States Attorney
2  FRANCISCO A. NAGEL
   Assistant U.S. Attorney
3  Illinois Bar No.: 6321196
   BIANCA CALDERON-PEÑALOZA
4  California Bar No. 324498
   Office of the U.S. Attorney
5  880 Front Street, Room 6293
   San Diego, CA 92101
6  Tel: (619) 546-6745/8573

7  Attorneys for Plaintiff
   United States of America
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,        Case No. 25-CR-1502-JES

12            Plaintiff,            **PLEA AGREEMENT**

13       v.

14 KAIRY STEPHANIA QUINONEZ (3),

15            Defendant

16

17      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,

18 through its counsel, ADAM GORDON, United States Attorney, and Francisco

19 A. Nagel and Bianca Calderon-Peñaloza, Assistant United States

20 Attorneys, and defendant, KAIRY STEPHANIA QUINONEZ, with the advice and

21 consent of Jay Edgard Monico, counsel for defendant, as follows:

22 //

23 //

24 //

25 //

26 //

27 //

28 //

Def. Initials KSQ.

# I

## THE PLEA

A.    THE CHARGE

Defendant agrees to plead guilty to Count 1 and Count 8 of a 14-count Indictment charging defendant with:

### Count 1

Beginning on a date unknown to the grand jury and continuing up to and including March 24, 2025, within the Southern District of California and elsewhere, defendants FARLIS ALMONTE, RICARDO RODRIGUEZ, KAIRY STEPHANIA QUINONEZ, JOSE LUIS BATIZ, and JAIME TORRES JR. did knowingly and intentionally conspire with other persons known and unknown to the grand jury to commit offenses against the United States, to wit: to bring illegal aliens to the United States for the purpose of commercial advantage and private financial gain, with the intent to violate the immigration laws of the United States, and knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 371.

### Count 8

On or about March 2, 2025, within the Southern District of California, defendant KAIRY STEPHANIA QUINONEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that Junjie Lian, an alien, had not received prior official authorization to come to, enter, and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

B.    FORFEITURE

Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which defendant agrees are subject to forfeiture to the United States pursuant to 8 U.S.C. § 1324(b).  Defendant further waives defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this

2

Def. Initials K.S.Q.
25-CR-1502-JES

and all other administrative and civil proceedings. Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case. By signing this plea agreement, defendant is hereby withdrawing any and all claims and any and all petitions relating to or arising from the seizures and forfeiture of properties in connection with this case.

C.    DISMISSAL OF THE REMAINING COUNTS

The Government agrees to (1) move to dismiss the remaining counts without prejudice when Defendant is sentenced, and (2) not prosecute defendant thereafter on such dismissed charge(s) unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

D.    NO PROSECUTION ON THE FIVE-YEAR MANDATORY MINIMUM COUNT

In exchange for defendant's guilty plea and provided defendant complies fully with all terms of this plea agreement, the Government agrees not to charge defendant with additional counts in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), which carries a five-year mandatory minimum sentence.

II

**NATURE OF THE OFFENSE**

A.    ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

//

//

3

Def. Initials K.S.Q.
25-CR-1502-JES

**As to Count 1:**

1.  There was an agreement between two or more persons to bring illegal aliens to the United States for the purpose of commercial advantage and private financial gain, with the intent to violate the immigration laws of the United States, and knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States.

2.  Defendant became a member of the conspiracy knowing of its objects and intending to accomplish them.

3.  One of the members of the conspiracy performed at least one overt act, after Defendant joined the conspiracy, for the purpose of carrying out the conspiracy by acting with the intent to violate the United States immigration laws.

**As to Count 8:**

1.  Someone else committed the offense of bringing in certain aliens to the United States for the purpose of commercial advantage or private financial gain, the elements of which are:

    a. The other person brought another person, an alien, to the United States for the purpose of commercial advantage or private financial gain;

    b. The other person knew or was in reckless disregard of the fact that the person was an alien who had not received prior official authorization to come to, enter, or reside in the United States; and

    c. The other person acted with the intent to violate the United States immigration laws.

2.  The other person was a member of the conspiracy charged in Count 1 on the Indictment.

3.  The other person committed the crime of bringing in certain aliens to the United States for the purpose of commercial advantage or private financial gain in furtherance of the conspiracy.

4.  Defendant was a member of the same conspiracy at the time of the offense of bringing in certain aliens to the United States for the purpose of commercial advantage or private financial gain was committed.

5.  This offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

4

Def. Initials K.S.Q.
25-CR-1502-JES

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1.    Beginning on a date unknown and continuing up to and including March 24, 2025, there was an agreement between two or more people to bring to the United States illegal aliens for the purpose of commercial advantage or private financial gain, with the intent to violate the immigration laws of the United States, and knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States.

2.    Not later than March 2, 2025, Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3.    As part of the conspiracy, certain co-conspirators, including United States Customs and Border Protection Officers Farlis Almonte and Ricardo Rodriguez, would allow other co-conspirators to cross from Mexico into the United States while transporting illegal aliens by failing to meaningfully inspect vehicles and their occupants that passed through the primary inspection booths to which the Officers were assigned.

4.    As part of the conspiracy, the Officers would share with their co-conspirators their lane assignments and times when they were scheduled to be operating the primary inspection booths at the San Ysidro Port of Entry.

5.    As part of the conspiracy, Defendant similarly agreed, in exchange for money, to allow co-conspirators to cross from Mexico into the United States, while transporting illegal aliens, through the primary inspection booths at the San Ysidro Port of Entry to which she was assigned by, among other things, failing to meaningfully inspect their vehicles and occupants.

6.    On March 2, 2025, in furtherance of the conspiracy, Co-Conspirator B brought Junjie Lian, who was an alien, to the United States for the purpose of commercial advantage or private financial gain. Specifically, Co-Conspirator B made application for admission into the United States from Mexico via the San Ysidro, California, Port of Entry, driving a truck containing Junjie Lian, an alien.

Def. Initials K.S.Q.
25-CR-1502-JES

a. Co-Conspirator B knew or was in reckless disregard of the fact that the alien in the vehicle, Junjie Lian, had not received prior official authorization to come to, enter, or reside in the United States.

b. Co-Conspirator B acted with the intent to violate the United States immigration laws.

c. Junjie Lian was paying or having others pay on his behalf an undisclosed amount of money to be brought into the United States illegally and transported or moved illegally to his destination therein.

d. Co-Conspirator B, while lined up for the primary booth manned by Defendant on March 2, 2025, was arrested by other officers at the Port of Entry after a Human and Narcotics Detection Dog alerted to the truck he was driving in the pre-primary inspection area.

e. Earlier that day, Defendant had notified certain co-conspirators of her staffing assignments so that members of the conspiracy were aware of the hour-long periods that she would be manning a particular primary booth at the San Ysidro Port of Entry.

7. At the time of this alien smuggling event on March 2, 2025, Defendant was a member of the same conspiracy with Co-Conspirator B, and this alien smuggling event fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

8. During Defendant's involvement in the conspiracy, Defendant facilitated the entry into the United States of approximately 14 illegal aliens through the San Ysidro Port of Entry in exchange for money.

### III

### PENALTIES

The crimes to which defendant is pleading guilty carries the following penalties:

**As to Count 1:**

A. A maximum 10 years in prison;

B. A maximum $250,000.00 fine;

C. A mandatory special assessment of $100.00 per count;

Def. Initials K.S.Q
25-CR-1502-JES

D.   Unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $5,000.00 per count; and

E.   A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

**As to Count 8:**

A.   A maximum 10 years in prison and a minimum mandatory 3 years in prison;

B.   A maximum $250,000.00 fine;

C.   A mandatory special assessment of $100.00 per count;

D.   Unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000.00 per count;

E.   A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

F.   Possible ineligibility for certain Federal benefits.

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS**
**AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages of trial;

D.   Confront and cross-examine adverse witnesses;

Def. Initials K.S.Q.
25-CR-1502-JES

1    E.   Testify and present evidence and to have witnesses testify on
          behalf of defendant; and

2    F.   Not testify or have any adverse inferences drawn from the
          failure to testify.

3
                                    V

4
               **DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE**
5       **PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

6
        Any information establishing the factual innocence of defendant
7
   known to the undersigned prosecutor in this case has been turned over
8
   to defendant. The Government will continue to provide such information
9
   establishing the factual innocence of defendant.
10
        If this case proceeded to trial, the Government would be required
11
   to provide impeachment information for its witnesses. In addition, if
12
   defendant raised an affirmative defense, the Government would be
13
   required to provide information in its possession that supports such a
14
   defense. By pleading guilty, defendant will not be provided this
15
   information, if any, and defendant waives any right to this information.
16
   Defendant will not attempt to withdraw the guilty plea or file a
17
   collateral attack on the existence of this information.
18
                                    VI
19
                **DEFENDANT'S REPRESENTATION THAT GUILTY**
20                    **PLEA IS KNOWING AND VOLUNTARY**

21
        Defendant represents that:
22
     A.   Defendant has had a full opportunity to discuss all the facts
23        and circumstances of this case with defense counsel and has a
          clear understanding of the charges and the consequences of
24        this plea. By pleading guilty, defendant may be giving up, and
          rendered ineligible to receive, valuable government benefits
25        and civic rights, such as the right to vote, the right to
          possess a firearm, the right to hold office, and the right to
26        serve on a jury. The conviction in this case may subject
          defendant to various collateral consequences, including but
27        not limited to revocation of probation, parole, or supervised
          release in another case; debarment from government
28        contracting; and suspension or revocation of a professional

                                    8            Def. Initials K.S.Q
                                           25-CR-1502-JES

license, none of which can serve as grounds to withdraw defendant's guilty plea;

B.    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.    No one has threatened defendant or defendant's family to induce this guilty plea; and,

D.    Defendant is pleading guilty because defendant is guilty and for no other reason.

### VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

### VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the

9

Def. Initials _K.S.Q._
25-CR-1502-JES

1  Government's duty to provide complete and accurate facts to the district

2  court and the U.S. Probation Office.

3                                      IX

4              **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

5        This plea agreement is made pursuant to Federal Rule of Criminal

6  Procedure 11(c)(1)(B).  The sentence is within the sole discretion of

7  the sentencing judge who may impose the maximum sentence provided by

8  statute.   It is uncertain at this time what defendant's sentence will

9  be.   The Government has not made and will not make any representation

10 as to what sentence defendant will receive.  Any estimate of the probable

11 sentence by defense counsel is not a promise and is **not binding on the**

12 **Court**.   Any recommendation made by the Government at sentencing is also

13 not binding on the Court.   If the sentencing judge does not follow any

14 of the parties' sentencing recommendations, defendant will not withdraw

15 the plea.

16                                      X

17             **PARTIES' SENTENCING RECOMMENDATIONS**

18      A.   SENTENCING GUIDELINE CALCULATIONS

19        Although the Guidelines are only advisory and just one factor the

20 Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,

21 the parties will jointly recommend the following Base Offense Level,

22 Specific Offense Characteristics, Adjustments, and Departures:

23              1.    Base Offense Level [USSG § 2L1.1(a)(3)]          12

24              2.    Number of Aliens [USSG § 2L1.1(b)(2)]           +3

25              3.    Abuse of Position of Trust [USSG § 3B1.3]       +2

26              4.    Acceptance of Responsibility [USSG § 3E1.1]     -3

27 //

28 //

                            10                  Def. Initials _K̲S̲Q̲_

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

    2.    Falsely denies prior criminal conduct or convictions;

    3.    Is untruthful with the Government, the Court or probation officer; or

    4.    Breaches this plea agreement in any way.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
      INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

//

11                    Def. Initials _K.S.Q._
                      25-CR-1502-JES

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend that defendant be sentenced to the greater of: the low end of the advisory guideline range as calculated by the Government, 12 months and 1 day in custody, or the statutory mandatory minimum, if applicable, to be served concurrently.

G.   SPECIAL ASSESSMENTS AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.

In addition, unless the sentencing court finds defendant to be indigent, the parties also will jointly recommend that defendant pay an additional special assessment in the amount of $5,000 per count of qualifying conviction, which shall not be payable until defendant satisfies all outstanding fines, orders of restitution, and any other obligation in this case related to victim-compensation. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.   SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised

12                    Def. Initials K.S.Q.
25-CR-1502-JES

1 | release and has fully paid and satisfied any special assessments, fine,
2 | criminal forfeiture judgment and restitution judgment.

3 | **XI**

4 | **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

5 | Defendant waives (gives up) all rights to appeal and to collaterally
6 | attack every aspect of the conviction and sentence, including any
7 | restitution order. The only exception is defendant may collaterally
8 | attack the conviction or sentence on the basis that defendant received
9 | ineffective assistance of counsel.

10 | **XII**

11 | **BREACH OF THE PLEA AGREEMENT**

12 | Defendant and defendant's attorney know the terms of this agreement
13 | and shall raise, before the sentencing hearing is complete, any claim
14 | that the Government has not complied with this agreement. Otherwise,
15 | such claims shall be deemed waived (that is, deliberately not raised
16 | despite awareness that the claim could be raised), cannot later be made
17 | to any court, and if later made to a court, shall constitute a breach
18 | of this agreement.

19 | Defendant breaches this agreement if defendant violates or fails
20 | to perform any obligation under this agreement. The following are non-
21 | exhaustive examples of acts constituting a breach:

22 | A. Failing to plead guilty pursuant to this agreement;

23 | B. Failing to fully accept responsibility as established in
   | Section X, paragraph B, above;

24 | C. Failing to appear in court;

25 | D. Attempting to withdraw the plea;

26 | E. Failing to abide by any court order related to this case;

13

Def. Initials K.S.Q.
25-CR-1502-JES

F.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the

Def. Initials K.S.R.
25-CR-1502-JES

1  Government, or are inadmissible under the United States Constitution,

2  any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of

3  the Federal Rules of Criminal Procedure, and any other federal rule.

4                                    **XIII**

5                    **CONTENTS AND MODIFICATION OF AGREEMENT**

6      This plea agreement embodies the entire agreement between the

7  parties and supersedes any other agreement, written or oral. No

8  modification of this plea agreement shall be effective unless in writing

9  signed by all parties.

10

11                                    **XIV**

12              **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

13     By signing this agreement, defendant certifies that defendant has

14  read it (or that it has been read to defendant in defendant's native

15  language). Defendant has discussed the terms of this agreement with

16  defense counsel and fully understands its meaning and effect.

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Def. Initials _K.S.Q._
25-CR-1502-JES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

**12.17.25**
DATED

FRANCISCO A. NAGEL
BIANCA CALDERÓN-PEÑALOZA
Assistant U.S. Attorneys

*12/17/25*
DATED

JAY EDGARD MONICO
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

*12/17/25*
DATED

KAIRY STEPHANIA QUINONEZ
Defendant

Approved by:

/s/ Sean Van Demark
Sean Van Demark
Assistant U.S. Attorney

1/19/2024 cek

16

Def. Initials *K.S.Q*
25-CR-1502-JES